MARY LEONE

*vs.*

ALEXANDER'S SHOESTORE, INC. ET AL.

Superior Court      Hartford County      File No. 60708

MEMORANDUM FILED NOVEMBER 29, 1940.

*Parmelee & Carlson,* of Hartford, for the Plaintiff.

*Wells, Davis, Schaefer & Locke,* of Hartford, for the Defendants.

BOOTH, J.  On December 3, 1938, and for sometime prior thereto, the defendants owned a tenement house located on the northerly side of Grove Street in the City of Hartford known as numbers 80-94 Grove Street, in which the plaintiff was one of the tenants.

A flight of steps surmounted by a wooden platform led from one of the outside entrance doors of this house to the public sidewalk. These steps were three in number and were composed of brownstone. The first step was 12¼ inches in width, the second was 13¼ inches in width and the third was 11½ inches in width. The third step was six feet in length and was partly imbedded in the public sidewalk. The center of this step was flush with the level of the flagstones

of which the sidewalk was composed. The easterly portion of this step was three inches above the level of the flagstone walk and the westerly portion thereof was one-half inch below the level of said flagstone walk. From the top of the first step to the top of the second step the distance was 11 inches. From the top of the second step to the top of the third step the distance at the easterly end was nine and a half inches and in the center the distance was 11 inches. In other words, the third step sloped from the east to the west at an angle. There was no handrail along the sides of the steps and at night there was little light upon them. The steps had been in the above described condition for several years. They were used in common by tenants of the building and were within the exclusive control of the defendants.

From the foregoing and all of the other facts which the evidence disclosed it was concluded that the steps in question were in a dangerous condition for use and that the defendants were negligent in maintaining and failing to correct this condition.

On December 3, 1938, at about 9:30 o'clock p.m., the plaintiff, a woman 53 years of age, while in the exercise of reasonable care, was descending these steps when, because of the height of the riser and the sloping condition of the bottom step, her right ankle was caused to turn, thus precipitating her to her left, and because of the absence of a handrail she fell to the sidewalk on the east of the steps and was injured.

In view of the entire evidence it was further concluded that the defendants' negligence was the sole proximate cause of the plaintiff's fall and consequent injuries.

It was claimed by the defendants that there was no direct evidence that the plaintiff's fall was caused as above indicated. A trier, however, is not necessarily obliged to base his conclusions upon direct evidence, but may base the same upon fair and reasonable inferences drawn from such facts as are disclosed by the evidence presented, and in the opinion of this court the fair and reasonable inferences to be drawn from the facts in this case justify no other conclusion than that the plaintiff's fall was caused as before stated.

As a result of her fall the plaintiff suffered an injury to her left arm consisting of a fracture of the distal end of the radius and a fracture of the styloid process of the ulna. These

fractures were reduced and her arm was encased in a plaster cast for 45 days. She also received baking and massage treatments intermittently until some four months after her injury. During this period she was unable to work at an occupation wherein she at the time of her injury was engaged and as a result she lost $205 in wages and was obliged to expend $42 for household help. She was also obliged to spend $150 for doctors' bills and X-rays.

In addition, she suffered pain and discomfort. She still has difficulty in flexing the small finger and ring finger of her left hand and experiences a numbness of these fingers, which condition is reasonably probable to exist permanently.

In view of all the foregoing, judgment may be rendered for the plaintiff upon the issues of the complaint and for the plaintiff to recover of the defendants $1,397 damages and costs.